**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Feliciano Hernandez Cipriano,

    Petitioner,

v.

Merrick B. Garland, U.S. Attorney
General,

    Respondent.

No. 21-318

Agency No.   A208-085-697

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2022[**]

Before:    SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

Feliciano Hernandez Cipriano, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum

and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We

review de novo the legal question of whether a particular social group is

cognizable, except to the extent that deference is owed to the BIA's

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We deny the petition for review.

The BIA did not err in concluding that Hernandez Cipriano did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) ("returning Mexicans from the United States" does not constitute a particular social group); *Barbosa v. Barr*, 926 F.3d 1053, 1059-60 (9th Cir. 2019) (proposed group, like that rejected in *Delgado-Ortiz*, is "too broad" to qualify as a cognizable particular social group). Thus, Hernandez Cipriano's asylum and withholding of removal claims fail.

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**

21-318